# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
) CRIMINAL ACTION
v. )
) No. 09-20034-01-KHV
TAURINO CERECERES-MORALES, )
)
        Defendant. )
_____)

## ORDER

This matter is before the Court on defendant's letter (Doc. #195) filed July 19, 2010, which the Court construes as a motion to alter sentence. For reasons stated below, defendant's motion is overruled without prejudice.

On May 19, 2010, the Court sentenced defendant to 60 months in prison. On May 28, 2010, defendant filed his notice of appeal. See Doc. #181. Defendant now has filed a letter which claims ineffective assistance and seeks to alter his sentence. Defendant essentially seeks relief under 28 U.S.C. § 2255. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. The Court therefore overrules defendant's motion as premature.[1]

---

[1] The Court need not address whether it has jurisdiction to entertain defendant's motion, because it would decline to do so in any event. Compare United States v. Hurd, 176 F.3d 490, 1999 WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) with Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings (no jurisdictional bar to Section 2255 motion pending appeal).
(continued...)

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #195) filed July 19, 2010, which the Court construes as a motion to alter sentence, be and hereby is **OVERRULED**. Defendant may re-file his motion after his direct criminal appeal is concluded.

Dated this 3rd day of August, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling until his appeal concludes. See United States v. Bey, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).